In the Matter of the Application of the QUICKSILVER MINING COMPANY, a Corporation, for Voluntary Dissolution.

ROBERT GIBSON, Appellant; T. TILESTON WELLS and Others, Petitioners, Respondents.

First Department, November 8, 1918.

Corporations — voluntary dissolution — stay of sale of company's reversionary interest pending appeal from order of dissolution.

A majority of the directors of a mining company filed a petition for its voluntary dissolution, which was opposed by only two stockholders who owned 700 of the total issue of 100,000 shares, but represented 7,500 other shares. It appeared that the property of the company consisted of mineral land in California; that the company in order to raise money had leased the property for a term of years; that the owners of said lease are the sole creditors with the exception of some small items, and a judgment against the company in California for about $10,000; that the opposing stockholders claimed that the petitioners are interested in the lease and that through their connivance the receipts from the mining operations have all been expended so that large benefits will ultimately accrue to them; that the lease still has nearly twenty years to run, and that the reversionary interest in the property has a substantial value.

*Held*, that a sale of the company's reversionary interest in the premises in California by the receiver should be stayed pending the hearing and decision of the appeal from the order of dissolution, the receiver being at liberty in the meantime to advertise.

APPEAL by Robert Gibson from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of August, 1918, denying his motion for a stay pending the hearing and determination of an appeal taken by him and another stockholder from an order of dissolution appointing a receiver herein.

*George A. Strong* of counsel [*Duer, Strong & Whitehead,* attorneys], for the appellant.

*T. Tileston Wells,* for the respondents.

LAUGHLIN, J.:

A majority of the directors of the Quicksilver Mining Company filed a petition for its dissolution — evidently on

the ground that it was to the interests of the stockholders to have it dissolved, although that does not expressly appear — and on the 19th of November, 1917, obtained an order to show cause why it should not be dissolved, returnable before a referee on the 10th of January, 1918. Only two stockholders, Robert Gibson and George A. Strong, appeared on the hearing and opposed the dissolution. They owned 700 of the total issue of 100,000 shares; but it appears that they represented 7,500 other shares. With the exception of office furniture and equipment of but little value, the property of the company consists of about 6,800 acres of mineral land in California, with structures erected thereon suitable for mining and extensive tunnels underground. The company conducted mining operations there for some time, and the business was prosperous until 1913. It then became necessary for the company to raise money and certain stockholders loaned it about $50,000 on its notes. In 1915 it required more money, and being unable to raise it, it leased the property for twenty-five years from February 4, 1915, at a rental of one-fifth of the net profits after deducting not only the cost and expense of operation and production, but also the cost of any improvements made by the lessee in his discretion, on condition, however, that the lessee obtain an extension for three years for the payment of the indebtedness of the company, then aggregating $55,826, and evidenced by notes. That was done, and the owners of the lease have acquired the notes and are not only the principal creditors, but the sole creditors with the exception of some comparatively small items and a judgment recovered against the company in California for about $10,000. During the period covered by the lease there has been realized on the sale of quicksilver taken from the mines about $550,000, all of which, and $100,000 furnished by the lessee, the respondents claim, has been used for operating expenses and improvements.

The opposing stockholders claimed and claim that the moving parties are interested in the lease and that through their acquiescence and connivance the receipts from operations have been all expended in such manner that large benefits therefrom will ultimately accrue to the owner of the property, and that the purpose of this proceeding is to enable respond-

ents to acquire the reversion for themselves and others associated with them. The amount claimed to have been advanced under the lease for improvement is seriously questioned by said two stockholders, and they claim that the moving stockholders are likewise interested in the outstanding notes and in the lease and in effect have connived at forcing a dissolution through the inability of the company to meet its obligations, which inability they have brought about to that end. On these issues a very large volume of evidence was introduced before the referee, who was of opinion that the property would be sold on the California judgment, and that it would be to the interests of the creditors and stockholders to have it sold by a referee appointed herein, and he found against the contentions of the objecting stockholders and reported for a dissolution. It appeared that owing to war conditions quicksilver is now bringing a much higher price than it is likely to bring when peace is established. It is, therefore, contended by counsel for respondents that the property subject to the lease is likely to bring more now than later on. That, however, does not follow for the sale would be subject to the lease, which has still upwards of twenty years to run. Moreover, financial conditions may improve with peace, which seems likely to be close at hand. It also appears that the petitioners asked the referee to find that the reversion has no value. If so, it is not very material whether it is sold under the California judgment or by a receiver herein. The referee reported that the value of the reversion is unknown. The bond of the permanent receiver has been fixed at $10,000, which indicates that the reversion must have been deemed to be worth less than that sum. It is not improbable that the reversionary interest in the property from which quicksilver taken during three years has sold for $550,000 has a substantial value and that it may not be to the interest of the stockholders to have the corporation dissolved. The appellant, and his coappellant from the order of dissolution, are expending large sums of money to print the record on appeal, and it will soon be ready for argument. No harm can result if in the meantime the receiver be at liberty to advertise a sale of the reversion provided the sale be stayed, which we think should be done.

It follows that the order should be reversed, with ten dollars costs and disbursements, and motion granted to the extent of staying the sale of the company's reversionary interest in the premises in California by the receiver pending the hearing and decision of the appeal from the order of dissolution.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted to extent stated in opinion. Order to be settled on notice.